IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

PATRICIA JEAN DISNEY,

    Plaintiff,

v.                                      No. 02-2210 B

STATE FARM FIRE & CASUALTY CO.,

    Defendant.

## ORDER DENYING AWARD OF COSTS TO THE DEFENDANT

In an order entered April 27, 2004, this Court granted the motion of the Defendant, State Farm Fire & Casualty Co. ("State Farm"), for partial summary judgment on the claim of the Plaintiff, Patricia Jean Disney, for a statutory bad faith penalty under Tennessee law. The relevant facts as set forth in the Court's order are as follows:

> Disney suffered a fire loss at her home at 4077 Loch Meade Drive in Memphis, Tennessee on March 7, 2001. It was the position of State Farm, based on its investigation, that the fire was the result of arson. As a consequence, on February 14, 2002, the defendant notified Disney by letter that her homeowner's claim had been denied on the grounds that she had intentionally concealed and misrepresented material facts, that State Farm had determined that the fire was of an incendiary nature, and that Disney had sufficient motive and opportunity to set the fire.

(Order Granting Def.'s Mot. for Partial Summ. J. at 3 (internal citations omitted)). The following day, the Court granted the motion of the Plaintiff for dismissal without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure subject to certain conditions:

1.    that the plaintiff reimburse the defendant for the actual costs of the issuance of subpoenas and any witness fees incurred in preparation for the trial which had been set for April 12, 2004;

2.    that upon the refiling of this lawsuit by the plaintiff, either in state or federal




>   court, the plaintiff would be prohibited from utilizing a Rule 26(a)(2) expert witness at trial; and
>
> 3.  that if this case is refiled in this court, it will be assigned to District Judge J. Daniel Breen.

(Order Granting Pl.'s Mot. for Dismissal Pursuant to Rule 41(a), Fed. R. Civ. P. at 2.)

Based on the disagreement between the parties as to the taxation of costs, a hearing was set by the Clerk of Court for a determination thereof. The Plaintiff objected to the Defendant's request for an assessment of costs by the Clerk, arguing that such action was inconsistent with the intentions of the parties and the Court. In an order entered November 4, 2004, the Court denied the objections and directed the Clerk's assessment to proceed. On December 6, 2004, following a hearing in which both parties were heard, the Clerk entered an order taxing costs in this matter to the Plaintiff in the amount of $10,538.30, which included Clerk and witness fees as well as deposition costs. Disney appealed the award in its entirety.

Fed. R. Civ. P. 54(d)(1) provides in pertinent part that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." "A party is the prevailing party under Rule 54(d) even when it is only partially successful." Andretti v. Borla Performance Indus., Inc., 426 F.3d 824, 835-36 (6th Cir. 2005). "In the context of fee-shifting statutes, the Supreme Court has held that a plaintiff is a 'prevailing party' when [it] receives 'at least some relief on the merits of [its] claim,' even nominal damages." Id. (citing Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health and Human Res., 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)). All that is required is a "judicially sanctioned change in the legal relationship of the parties." Id. at 836 (citing Buckhannon, 532 U.S. at 605, 121 S.Ct. 1835). However, it has also been held that, when a voluntary dismissal is granted *without* prejudice, neither party has

2

"prevailed." See Sequa Corp. v. Cooper, 245 F.3d 1036, 1037-38 (8th Cir. 2001); Williams v. Peralta Cmty. Coll. Dist., 227 F.R.D. 538, 540 (N.D. Cal. 2005). In any case, Rule 54 does not encroach upon a court's inherent authority to award costs incurred in defending an action prior to a voluntary dismissal by the plaintiff. See Sequa Corp., 245 F.3d at 1037. The district court is granted broad discretion in determining the appropriateness of a cost award. Gaddis v. United States, 381 F.3d 444, 459 (5th Cir. 2004); Royal Surplus Lines Ins. Co. v. Coachmen Indus., Inc., 229 F.R.D. 695, 697 (M.D. Fla. 2005).

In this case, the depositions, the cost of which make up the vast bulk of the award, as well as the copies (and their costs), may be used in the refiled case initiated in this Court on April 26, 2005 as Case No. 05-2306 ("Disney II"). The Defendant, therefore, is spared the expense associated therewith in Disney II. The Court is accordingly disinclined to award costs to the Defendant at this juncture. Of course, in the event the Defendant prevails in Disney II, it may again seek an award of costs under Rule 54(d) as a prevailing party.

Based on the foregoing, the Clerk's assessment of costs in favor of the Defendant is VACATED, and the Defendant's request for an award of costs in this matter is DENIED.

IT IS SO ORDERED this 15 day of November, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 166 in case 2:02-CV-02210 was distributed by fax, mail, or direct printing on November 15, 2005 to the parties listed.

---

Thomas M. Gould
U.S. DISTRICT COURT
167 N. Main St.
Ste. 242
Memphis, TN 38103

Thomas D. Yeaglin
LAW OFFICE OF THOMAS YEAGLIN
140 Jefferson Ave.
Memphis, TN 38103

Antonio L. Matthews
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

George T. Lewis
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT